Donald F. **GILLESPIE** and Judy K. Gillespie, Plaintiffs–Appellees,

v.

Kerry **PLEMMONS,** Defendant,

**and concerning**

**Continental Bank, N.A.,** as Trustee for the Garfield County, Colorado, Single Family Mortgage Review Bond Program, 1991, Series A, Intervenor–Appellant.

No. 91CA0673.

Colorado Court of Appeals, Div. I.

Aug. 27, 1992.

Rehearing Denied Oct. 1, 1992.

Certiorari Denied April 12, 1993.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Delaney & Balcomb, P.C., Robert M. Noone, Timothy A. Thulson, Glenwood Springs, for plaintiffs-appellees.

Feather Legal Services, P.C., Gerald B. Feather, Grand Junction, for intervenor-appellant.

Opinion by Judge NEY.

Intervenor, Continental Bank, appeals the trial court's order denying its motion for substitution of parties. We affirm.

Plaintiffs, Donald and Judy Gillespie, were the first purchasers of a newly constructed home built by defendant, Kerry Plemmons (builder). On December 31, 1986, they initiated an action against him alleging breach of contract. Later, the complaint was amended to assert a claim for breach of implied warranty of habitability because the house was structurally defective.

During the pendency of that action, plaintiffs failed to pay on their promissory note to Continental Bank, which foreclosed and purchased the home at a foreclosure sale on May 5, 1988. On February 24, 1989, plaintiffs obtained a judgment against the builder, who appealed. On April 19, 1990, this court affirmed the judgment.

After the Colorado Supreme Court denied the builder's petition for certiorari, he filed a petition for independent action in the trial court. In that petition, he alleged that the plaintiffs had committed fraud on the court by asserting they were the owners of the property, thereby precluding him from asserting a meritorious defense to the breach of warranty claim.

On December 14, 1990, the bank filed a verified motion for substitution of parties, claiming that it was successor to plaintiffs' breach of implied warranty of habitability claim because it had bought plaintiffs' home in foreclosure proceedings prior to the plaintiffs' trial to the court. The trial court consolidated the builder's claim of fraud and the bank's motion for substitution and denied both claims. This appeal followed.

## I.

■ The bank first contends that the public trustee's deed transferred to it all the plaintiffs' right, title, and interest, including their claim of breach of implied warranty of habitability. We disagree.

The class of purchasers entitled to the contractual protection of the implied warranty of habitability is limited to first purchasers. *Cosmopolitan Homes, Inc. v. Weller*, 663 P.2d 1041 (Colo.1983).

When it purchased plaintiffs' home in foreclosure proceedings, the bank did not acquire an interest in the implied warranty claim because the warranty claim was a personal claim unrelated to the bank's real property claim. As plaintiffs were the first purchasers of the home, they were the only parties who were entitled to judgment for breach of the implied warranty of habitability. *See Cosmopolitan Homes, Inc. v. Weller, supra.*

## II.

■ Defendant next asserts that if the plaintiffs are allowed to retain the judgment, they will be unjustly enriched at the expense of the Garfield County Single Family Mortgage Review Bond Program (the entity from whom plaintiffs borrowed the money to purchase their home). We disagree.

■ To recover under the doctrine of unjust enrichment, a plaintiff must show that a benefit was conferred upon an adverse party, that the benefit was appreciated by the adverse party, and that the benefit was accepted by the adverse party under such circumstances that it would be inequitable for it to be retained without payment of its value. *Moore & Co. v. T-A–L–L, Inc.*, 792 P.2d 794 (Colo.1990).

Because plaintiffs' claim was non-transferable, their judgment was to compensate them for their damages resulting from structural defects to the house they had purchased. Hence, the question of whether plaintiffs were unjustly enriched is inapplicable here.

By our rejection of the bank's assertion under the facts here, we do not imply that the bank is without a remedy to claim monies paid to plaintiffs. We merely conclude that the bank had no right to be substituted as a party in this action.

## III.

The builder and plaintiffs each submitted notices of cross-appeal. However, since neither party provided briefs in accordance with C.A.R. 28(a) and C.A.R. 28(h), we consider those appeals abandoned and will not address their assertions.

The order is affirmed.

STERNBERG, C.J., and DAVIDSON, J., concur.